## POOL *vs.* POOL.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF EAST FELICIANA.

The claim of the wife upon the estate of the husband; for habitation, mourning dresses, &c. is limited to cases, which show a settlement and constitution of dowry.

In this case, the wife, who had renounced the community, and who brought no dowry into the marriage, claimed from her husband's estate, a sum sufficient to defray the expense of habitation, sustenance, and mourning dresses for one year.

The court *a qua* made the allowance, and the defendant appealed.

*Downs*, for appellant, contended :

That there was no law, authorising the Court to make such an allowance to the wife, who brought no dowry into the marriage.

*Turner*, contra, cited *Civil Code, articles* 2353, 2391.

*Mathews, J.* delivered the opinion of the court.

In this case, the widow of Nazara Pool claims from the administrator of her husband's succession, a sum sufficient to defray her expenses of habitation and subsistence for one year, and also for mourning dresses. She obtained judgment in the court below, for two hundred and seventy-five dollars, from which the defendant appealed.

Previous to the institution of this claim, she renounced the community of acquests and gains, which existed between her and her deceased husband. It does not appear, that there was any marriage contract between them, or that any dower was constituted ; and the record affords no evidence of any paraphernal effects belonging to her.

The claim is based on the provisions of the Louisiana Code, found in the article 2353, wherein it is declared, that when a marriage is dissolved by the death of a husband, "the wife has her choice, either to claim the interests of her dowry, during the year of mourning, or to claim a sustenance, to be taken out of the succession of her husband. But in both cases she has a right, during that year, to be supplied with habitation and mourning dresses out of the succession, which charges shall not be deducted out of the interests due to her."

These provisions are evidently applicable only to cases, which show a constitution and settlement of dowry, and as none is shown in the present instance, the claim of the plaintiff should have been rejected by the Court of Probates. The latter clause of this act should, perhaps in justice, give the same relief to a widow without dowry, were it not that

one in that situation is provided for by the article 2389. The reason why the same privileges should not be extended to widows, whose whole property consists of paraphernal effects, when it has been administered by their husbands, is not readily perceived. But on this subject, the law seems to be silent.

The doctrine assumed in this case, was established in that of Hagan *vs.* Somperac, decided at October term, 1831.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be avoided, reversed, and annulled; and that the suit of the plaintiff be dismissed at her costs in both courts.